UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

KENNETH J. RAYMOND,

    Petitioner,

v.                                        Case No. 02-C-0383

QUALA CHAMPAGNE, WARDEN,

    Respondent.

ORDER FINDING PROCEDURAL DEFAULT
AND DIRECTING PETITIONER TO FILE BRIEF REGARDING CAUSE
AND PREJUDICE AND/OR FUNDAMENTAL MISCARRIAGE OF JUSTICE ISSUES

Kenneth J. Raymond brings this habeas petition before the court under 28 U.S.C. § 2254. He asserts violations of (1) his Right to effective assistance of counsel, (2) the requirement that any plea of guilty be made knowingly and voluntarily, and (3) his right to appeal and to due process. Prior to examining the merits of Raymond's petition, the court must assess whether Raymond has procedurally defaulted his claims.

PROCEDURAL HISTORY

Raymond entered an *Alford*[1] plea to repeated sexual assault of a child, and received an eight-year sentence. (Answer, Ex. A.) Judgment issued in January 2001. (*Id.*) Private counsel represented him at the time. (*See* Answer, Ex. G, Br. in Supp. at 1.)

Raymond filed a notice of intent to seek postconviction relief under Wis. Stat. § 809.30(2)(b), and asked the state public defender to represent him for further proceedings, to no avail. (*See* Answer, Ex. D at 1). He then sought from the circuit court

---

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

appointment of postconviction counsel at county expense. In an order of June 8, 2001, the circuit court judge analyzed Raymond's financial condition and denied the request, finding that Raymond had more than $500 per month in expendable cash plus the cash value of a life insurance policy, which he could use to pay a retained attorney. (Answer, Ex. B.)

Raymond then sought appointment of counsel from the Wisconsin Court of Appeals, arguing that he had made some mistakes in the financial disclosures in circuit court. (*See* Answer, Ex. D at 2-3.) On June 29, 2001, the Wisconsin Court of Appeals found no abuse of discretion by the circuit court and denied Raymond's motion to the appellate court for the appointment of counsel. (*Id.* at 3.) The court of appeals indicated that Raymond had to order transcripts for his appeal no later than July 11, 2001. (*Id.*)

Raymond could have, but did not, file a petition for supervisory writ or for review with the Wisconsin Supreme Court under Wis. Stat. §§ 809.71 or 809.62. Moreover, he declined to order transcripts and, thus lost his opportunity to appeal the conviction. His direct appeal rights expired. (*See* Answer, Ex. F at 1.)

On September 14, 2001, Raymond filed a motion under Wis. Stat. § 974.06, asserting ineffective assistance of counsel and seeking a *Machner*[2] evidentiary hearing. (Answer, Ex. E.) In the motion, Raymond contended that counsel, among other things, failed to investigate the basis of the charge, failed to obtain records that could have impeached witness statements, failed to interview witnesses, withheld information from Raymond, failed to raise an impotency defense, improperly waived Raymond's right to a preliminary hearing, improperly counseled Raymond regarding a plea, and pressured

---

[2]*State v. Machner*, 92 Wis. 2d 797 (Ct. App. 1979).

2

Raymond into giving an *Alford* plea without explaining its consequences. (*Id.* at 3-4.) The circuit court denied the motion on October 4, 2001. (Answer, Ex. F.) Raymond did not appeal the decision.

On March 21, 2002, Raymond filed a second motion under § 974.06, asserting ineffective assistance of counsel and that his plea was invalid. (Answer, Ex. G.) He submitted that counsel's performance was ineffective because a damaging psychological evaluation of Raymond was filed by counsel without Raymond's knowledge or consent. (*Id.* at 2.) Raymond contended that his plea was not entered knowingly and voluntarily because the judge did not establish that he understood the facts and elements to which he was pleading. (*Id.* at 2.) He argued that he only admitted to kissing the child and improperly believed kissing was a form of sexual assault due to the age disparity. (*Id.*, Br. in Supp. at 5.) The circuit court denied the motion on April 21, 2002. (Answer, Ex. H.) Raymond did not appeal the decision.

## DISCUSSION

Petitioners must give state courts a full opportunity to resolve constitutional issues by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel,* 526 U.S. 838, 847 (1999). The purpose of the procedural default doctrine is to ensure that state prisoners have become ineligible for state relief and to give state courts a sufficient opportunity to decide claims. *Id.* at 853 (Stevens, J., dissenting); *id.* at 848 (majority agreeing with this portion of Justice Stevens's dissent).

A district court on habeas review looks to state law to determine whether a claim has been defaulted. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000). When a state court has expressly declined to review a prisoner's federal claims because the

3

prisoner failed to comply with state procedural rules, a district court will not consider the merits of the federal claim so long as the state court decision rests on independent and adequate state law grounds. *Id.*; *see Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). However, procedural default also occurs when a petitioner to the federal court includes a new claim that he failed to raise at the state level or failed to present his claims to the highest state court if such presentation is permitted. *See O'Sullivan*, 526 U.S. at 845. A petitioner must appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *Id.* at 847. Thus, even under a discretionary review system, failure to petition the state supreme court in a timely manner will result in procedural default. *Id.* at 848.

In Wisconsin, Wis. Stat. § 809.30 provides the right to a direct appeal of a criminal conviction. Postconviction motions under Wis. Stat. § 974.06 also may be appealed. *See* Wis. Stat. § 809.30(2)(L). Therefore, direct appeal to the Wisconsin Court of Appeals is part of the state's established appellate review process. Wisconsin also provides for discretionary review before its supreme court. *See, e.g.*, Wis. Stat. §§ 809.62, 809.71.

When a habeas petitioner has procedurally defaulted his federal claims in state court, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *accord Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003). "Cause" must be "something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 722. Attorney ignorance or

4

inadvertence, for instance, is not "cause." *Id.* A fundamental miscarriage of justice is rare; the exception applies only in extraordinary cases. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). For example, it occurs where the petitioner is actually innocent of the crime for which he is imprisoned. *See id.* at 321-22; *Gomez*, 350 F.3d at 679. To show innocence, the petitioner must present new reliable evidence – such as scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. *Schlup*, 513 U.S. at 324; *Gomez*, 350 F.3d at 679. With that evidence the petitioner must establish that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *Gomez*, 350 F.3d at 679. "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324. The Supreme Court noted in *Schlup* that in virtually every case to that point, the allegation of actual innocence had been summarily rejected. *Id.*

Raymond has defaulted his claim that he was denied his right to appeal. It is undisputed that Raymond did not take a direct appeal from his criminal conviction, and he claims that the fault was the courts', not his. He argues that he was unable to appeal because he was denied indigent status wrongfully and, therefore, did not receive appointed counsel and access to sentencing transcripts. The claim that the courts acted improperly in denying him the indigency status needed to obtain transcripts for use on appeal, is one that this court could address as a federal habeas claim. However, Raymond's problem is that he sought review of the circuit court's denial of court-appointed counsel in the Wisconsin Court of Appeals and then stopped. He did not seek review of the indigency determination in the Wisconsin Supreme Court and thereby invoke one full round of the

5

available state remedies. Because Raymond defaulted this claim regarding the indigency determination by not seeking review in the Wisconsin Supreme Court, this court cannot assess that claim now unless he establishes cause for the default (i.e., an adequate reason for not seeking review in the Wisconsin Supreme Court) and prejudice resulting therefrom, or a fundamental miscarriage of justice.

Additionally, Raymond has defaulted his ineffective assistance of counsel and knowing and voluntary plea claims. Raymond filed two motions under Wis. Stat. § 974.06, which raised these issues. The ineffective assistance of counsel issue was the subject of both of the § 974.06 motions. Raymond brought the claim that his plea was not entered knowingly and voluntarily in the second § 974.06 motion. Both § 974.06 motions were considered by the state circuit court on the merits, despite the possibility of being barred by procedural errors. However, Raymond did not appeal either decision to the Wisconsin Court of Appeals, as he was permitted to do, and the time for him to appeal has passed. As a result, he defaulted the claims raised by those motions.

In his petition and supporting documents, Raymond fails to assert any cause for his defaults and does not demonstrate he suffered any prejudice as a result. Neither does he contend that failure to review any of his claims will result in a fundamental miscarriage of justice. However, the procedural default issue was not raised until this court's Rule 4 review of the petition and respondent's answer, to which Raymond is not given a chance to reply. In other words, Raymond has not been given an adequate opportunity to argue cause and prejudice or a fundamental miscarriage of justice. In letters to the court Raymond has asked whether he needed to submit anything further and the court indicated in response that he did not need to file anything unless instructed by the

6

court. The court will now allow Raymond to file a brief on the cause and prejudice or fundamental miscarriage of justice issues.

In conclusion, the court finds that Raymond has procedurally defaulted all of the federal habeas claims in his petition. However, the court will give him an opportunity to argue that he can avoid the procedural defaults.

Therefore,

IT IS ORDERED that on or before May 31, 2005, Raymond may file a brief, no more than twelve pages long, on the cause and prejudice and/or fundamental miscarriage of justice issues.

If Raymond fails to file a brief, his petition will be denied based on the procedural default doctrine. If Raymond files his brief, no responsive brief need be filed unless the court orders. The court will analyze Raymond's arguments and issue a decision on whether Raymond avoids his defaults.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2005.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT
U. S. District Judge